1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DERRICK COOPER,                               No.  2:15-cv-0074 DAD P

12                 Plaintiff,

13        v.                                        ORDER

14   CORRECTIONAL OFFICER LEATHEM,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed

18   pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.

19                          **SCREENING REQUIREMENT**

20        The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

22   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

23   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25   U.S.C. § 1915A(b)(1) & (2).

26        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4  Cir. 1989); Franklin, 745 F.2d at 1227.

5       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

6  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

7  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

8  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

9  However, in order to survive dismissal for failure to state a claim a complaint must contain more

10  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

11  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

12  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

13  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

14  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

15  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16       The Civil Rights Act under which this action was filed provides as follows:

17           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
18           deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
19           law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

24  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

25  omits to perform an act which he is legally required to do that causes the deprivation of which

26  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

28  their employees under a theory of respondeat superior and, therefore, when a named defendant

2

1    holds a supervisorial position, the causal link between him and the claimed constitutional

2    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

3    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

4    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

5    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6                              **PLAINTIFF'S AMENDED COMPLAINT**

7            In the present case, plaintiff has identified Correctional Officer Leathem as the sole

8    defendant in this action.  Plaintiff alleges in his amended complaint as follows.  Defendant

9    Leathem is a control booth officer and can respond to any problem within his sight.  Plaintiff

10   suffers from lung disease and receives breathing treatments as needed.  However, when plaintiff

11   asked defendant Leathem to go to the medical unit, the defendant mocked him, flicked lights in

12   the control booth, and made disrespectful statements over the public address system.  In terms of

13   relief, plaintiff requests damages.  (Compl. at 3 & Attach.)

14                                        **DISCUSSION**

15           The allegations in plaintiff's amended complaint are so vague and conclusory that the

16   court is unable to determine whether the current action is frivolous or fails to state a claim for

17   relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P.

18   8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

19   notice to the defendants and must allege facts that support the elements of the claim plainly and

20   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

21   must allege with at least some degree of particularity overt acts which defendants engaged in that

22   support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R.

23   Civ. P. 8(a)(2), the complaint must be dismissed.  In the interest of justice, the court will grant

24   plaintiff leave to file a second amended complaint.

25           If plaintiff chooses to file a second amended complaint, he must allege facts

26   demonstrating how the conditions complained of resulted in a deprivation of his federal

27   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second

28   amended complaint must allege in specific terms how each named defendant was involved in the

3

1  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

2  some affirmative link or connection between a defendant's actions and the claimed deprivation.

3  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at

4  743.  Vague and conclusory allegations of official participation in civil rights violations are not

5  sufficient.  Ivey, 673 F.2d at 268.

6       It is clear from the allegations of plaintiff's amended complaint that he is dissatisfied

7  defendant Leathem's response to his medical needs.  As the court previously advised plaintiff,

8  however, the Supreme Court has held that inadequate medical care does not constitute cruel and

9  unusual punishment cognizable under § 1983 unless the mistreatment rises to the level of

10  "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

11  In general, deliberate indifference may be shown when prison officials deny, delay, or

12  intentionally interfere with medical treatment, or may be shown by the way in which prison

13  officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.

14  1988).

15       In any second amended complaint plaintiff elects to file, he will need to allege facts

16  demonstrating how defendant Leathem's actions rose to the level of "deliberate indifference."

17  Plaintiff will also need to clarify what injury, if any, he suffered as a result of defendant

18  Leathem's alleged conduct.  Before it can be said that a prisoner's civil rights have been abridged,

19  "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

20  'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

21  458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  See also Wood v. Housewright, 900

22  F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the

23  particular facts and look for substantial indifference in the individual case, indicating more than

24  mere negligence or isolated occurrences of neglect.").

25       Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his

26  second amended complaint complete.  Local Rule 220 requires that an amended complaint be

27  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

28  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

1  Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves

2  any function in the case.  Therefore, in a second amended complaint, as in an original complaint,

3  each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

5      Accordingly, IT IS HEREBY ORDERED that:

6      1.  Plaintiff's amended complaint (Doc. No. 7) is dismissed;

7      2.  Plaintiff is granted thirty days from the date of service of this order to file a second

8  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

9  of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

10  docket number assigned to this case and must be labeled "Second Amended Complaint"; failure

11  to file a second amended complaint in accordance with this order will result in dismissal of this

12  action without prejudice; and

13      3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

14  rights action.

15  **Dated:  October 19, 2015**

16

17                                 _____

   DAD:9                           DALE A. DROZD
18  coop0074.14am                  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28